Curia, per O’Neall, J.
The case of Cregier & wife vs. Smyth, 1 Sp. 298, decided that the want of a bill of particulars was a ground of special demurrer; but that case did not decide, and was not intended to decide, that a bill of particulars, filed with the declaration, became thereby a part of the count. The case of Davis vs. Hunt, 2 Bail. 412, had previously decided that it was not such a part of the count that the proof must correspond precisely with it, or the party be non-suited; and in the case of Cregier vs. Smyth, that was acknowledged to be correct law; for in that case it is said, “ it (the bill of particulars) was not one of the allegata, which must be proved as laid.” The ground on which Cregier vs. Smyth went, was, that a bill of particulars being required, by a rule of court, to be filed with the declaration, the want of it was a defect of form, which might be objected to by special demurrer.
In this case there was a bill of particulars.; it was a *360 precise copy of the book; but it was manifest that the date, 1839, in the book and in the bill of particulars, was a mistake, as to the bulk of the articles sold and delivered. Most of them were sold and delivered in 1838. To this discrepancy between the proof and the bill of particulars, the defendant’s ground for a non-suit was pointed.
In this point of view, there is certainly nothing in the defendant’s ground; for if it be true that the bill of particulars must precisely correspond with the subject matter of the suit, that was the case here. The book and the other proof shewed that the year was set down wrong, both in the book and bill of particulars. But still the latter was a correct copy of the former, and hence was just as much notice as the original entries, if shewn to the defendant, would be, and that is all which the rule requires.
This case was an action of indebitatus assumpsit. In such a case, time is not at all essential. The indebtedness is laid on any day anterior to the issuing of the writ, and if the proof shews that it arose before the day laid, that is enough. The proof fully supported the count in this respect.
If there had been any variance between the bill of particulars and the original entries, it was not a ground for a non-suit. The defendant might have objected to the proof, and it is possible that it would have been excluded. But after the proof is out, without objection, it is too late to move for a non-suit. The motion is dismissed.
RxchaRdson and Evans, JJ. concurred.
Wardlaw and Frost, JJ. concurred in the result.